**William HAMMER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1959.

Rehearing Denied March 11, 1960.

Bruce R. Hamilton, LaGrange, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

BIRD, Judge.

William Hammer is charged with stealing motors and other boating equipment. Bethel Hammer, brother of the defendant, owned a houseboat on which he had permitted the owners to store the equipment. It was from this boat that the property was taken.

William Hammer was indicted, tried and convicted on a charge of grand larceny. He appeals.

He first complains that his rights were prejudiced because one of the owners, a prosecuting witness, was foreman of the indicting grand jury. There is no merit in this contention. Section 104 of the Criminal Code of Practice provides as follows:

"If a member of the grand jury know, or have reason to believe, that

a public offense has been committed within the jurisdiction of the court, he must declare the same to his fellow-jurors, who must thereupon investigate the same."

It is readily apparent that the giving of testimony by a grand juror is consistent with his duty as a grand juror and affords no ground for quashing the indictment.

He next insists that larceny can be committed only by trespass and that the indictment is fatally defective because trespass is not charged. The indictment charges the defendant with stealing the property and carrying it away against the will and without the consent of the owners. Trespass is adequately charged. Defendant's demurrer to the indictment was properly overruled.

He next complains that he was entitled to a directed verdict because of the Commonwealth's failure to prove felonious intent. He insists that the testimony introduced shows that he "took" the property at the direction of his brother not knowing that the property belonged to others. The testimony however does not substantiate the contention. Nowhere in the evidence does it appear that his brother directed, authorized or permitted him to take the property. The evidence goes no further than to show that his brother told him of having the property on his boat. The defendant told the arresting officers that he "took" the property. The owners testified that the property was taken at night against their will and without their consent. There is sufficient testimony to take the case to the jury on the question of intent.

Appellant further contends that his rights were prejudiced by the filing of a police report as a part of the evidence. Such report appears to have been filed but there is nothing in the record to show that it was actually introduced into the evidence for consideration by the jury. It could not have been prejudicial unless in-troduced as evidence before the jury and, further, we find no objection to its filing. The filing of the report therefore affords no ground for reversal.

He finally complains that the instructions do not give the full law of the case. He insists that an instruction should have been given under Section 240 of the Criminal Code of Practice requiring corroboration of a confession out of court. We find no confession in this case. The defendant admitted to the prosecuting witnesses that he took the property but he never admitted any of the other elements of the crime of grand larceny. The additional facts had to be proven by other witnesses. Defendant's statement to the prosecuting witnesses was no more than a voluntary admission of a pertinent fact and not an admission of guilt. In Brown v. Commonwealth, 219 Ky. 406, 293 S.W. 975, 977, we said as follows:

"The admission by one of the truth of independent or isolated facts which may tend to prove his guilt is not equivalent to a confession, and do not authorize an instruction under section 240. Bates v. Commonwealth, 164 Ky. 1, 174 S.W. 765; Spicer v. Commonwealth, 51 S.W. 802, 21 Ky.Law Rep. 528."

The rule therein enunciated applies here. See also Hedger v. Commonwealth, 294 Ky. 731, 172 S.W.2d 560.

He further insists that an instruction should have presented his claim of permissive possession. As heretofore pointed out there is no evidence tending to establish such a claim. Consequently, he is not entitled to such instruction.

He likewise insists that the court should have given an instruction on the taking of property without felonious intent. This argument is also based on defendant's permissive possession theory of the case. Again we say there is no evidence of per-

missive taking and no instruction is necessary on taking without felonious intent.

Upon examination of the whole case we find no reversible error. The judgment is therefore affirmed.